LIU, J.,
Concurring.—Whatever the merits of peremptory challenges as a mechanism of jury selection (compare Swain v. Alabama (1965) 380 U.S. 202, 219 [13 L.Ed.2d 759, 85 S.Ct. 824] [noting “the long and widely held belief that peremptory challenge is a necessary part of trial by jury”] with Miller-El v. Dretke (2005) 545 U.S. 231, 272 [162 L.Ed.2d 196, 125 S.Ct. 2317] (conc. opn. of Breyer, J.) [urging abolition of peremptory challenges and stating “a jury system without peremptories is no longer unthinkable”] and Batson v. Kentucky (1986) 476 U.S. 79, 102-103 [90 L.Ed.2d 69, 106 S.Ct. 1712] (conc. opn. of Marshall, J.) [same]), it cannot be denied that a significant diminution of opportunities to exercise lawful peremptory strikes is problematic if it affects only the defense in a criminal trial.
Under Penal Code former section 1070, a defendant charged with a crime punishable by death or life without parole was entitled to 10 peremptory challenges, whereas the state was entitled to five. (Pen. Code (1872) § 1070, p. 241; see ibid, [allotting five strikes for the defendant and three for the state on other offenses].) California law now provides the defense and the prosecution with an equal number of peremptory strikes. (Code Civ. Proc., § 231, subd. (a).) Suppose a defendant had to use five peremptory strikes to excuse jurors who should have been excused for cause and then, upon exhausting his strikes, was forced to accept five jurors he otherwise would have struck for lawful reasons short of cause. Suppose further that the prosecution did not have to use any of its peremptory strikes in this manner and instead used all 10 of its strikes to remove jurors it found unfavorable for lawful reasons short of cause. In such a scenario, it is clear that the defendant was substantially disadvantaged relative to the prosecution, and it would be difficult to argue that such imbalance is consistent with the purpose of section 231, subdivision (a) or with due process of law.
Therefore, prejudice may occur when a trial court has erroneously denied multiple challenges for cause by the defense but not by the prosecution, thereby forcing the defendant, but not the prosecution, to accept multiple jurors whom he would have lawfully struck had he not had to use his strikes to remedy the trial court’s errors. In other words, our prejudice inquiry should *923 examine whether a trial court’s errors substantially disadvantaged the defendant relative to the prosecution in the opportunity to remove jurors for lawful reasons short of cause. Today’s opinion does not hold to the contrary. (See maj. opn., ante, at p. 921 [construing United States v. Martinez-Salazar (2000) 528 U.S. 304, 315 [145 L.Ed.2d 792, 120 S.Ct. 774] to mean that a “trial court may not deliberately (or repeatedly) force defendants to use peremptory challenges to cure trial court errors . . .” (italics added).]
A defendant cannot be said to have suffered substantial disadvantage with respect to the prosecution from the seating of a single objectionable juror. Neither the prosecution nor the defense has the right to an ideal jury, and both sides must sometimes accept less-than-ideal jurors given the limitations of the jury pool and available peremptory strikes. In the present case, the record reveals only one seated juror whom defendant would have peremptorily challenged. Because defendant suffered no substantial disadvantage in jury selection relative to the prosecution, I concur in the court’s judgment.
Kennard, J., concurred.